UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

NATHANIEL DALE,                )
           Petitioner,     )
                               )   No. 2:17-cv-158
-v-                            )
                               )   Honorable Paul L. Maloney
CONNIE HORTON,                 )
           Respondent.    )
                               )

### ORDER ADOPTING REPORT & RECOMMENDATION

On January 17, 2019, United States Magistrate Judge Timothy P. Greeley issued a Report & Recommendation ("R&R") recommending that the Court deny Petitioner Nathaniel Dale's habeas corpus petition (ECF No. 19). Dale timely objected (ECF No. 23). For the reasons to be discussed, the Court will overrule the objections and adopt the R&R as the Opinion of the Court.

### Legal Framework

When deciding a dispositive issue, a magistrate judge issues a report and recommendation, rather than an order. After being served with an R&R issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district

court need not provide de novo review where the objections are frivolous, conclusive, or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

## Analysis

The R&R concluded that the state trial court's initial decision to deny Dale the appointment of an appellate attorney was proper because Dale did not properly request the appointment of counsel. Dale now objects and argues that the R&R erred in reaching this conclusion.

First, Dale argues that the R&R misconstrues the facts by failing to address the fact that the clerk of court stamped a form as "filed" but did not actually accept it for filing on March 14, 2014. However, the R&R addresses this fact directly: "Petitioner submitted an incomplete request for the appointment of counsel . . . The clerk returned the form to petitioner." (R&R at PageID.900-901.) The R&R does not mention the crossed-out stamp, but the Court finds this immaterial: the R&R accurately states the fact that Dale submitted a request for counsel which was returned to him by the clerk of court. There is no error here.

Dale next argues that his failure to return a completed form to the court is immaterial because the rules only require the form be "returned to the court," not that it be properly

2

completed and returned to the court. This argument is meritless: the face of the form states that the affidavit and financial schedule on the back must be completed and submitted. Dale concedes that he failed to fill out those parts of the form when he first filed it on March 14 (ECF No. 23 at PageID.921). The R&R properly concluded that Dale failed to timely file a completed form with the court.

On a related note, Dale argues that the R&R erred when it determined that the trial court did not mishandle his incomplete request. The Court disagrees: the form states that the back of it must be completed. There was no error when the clerk of court returned the incomplete form to Dale, and the trial court determined that the clerk of court did not err. The Court finds no error in the R&R's conclusion that the trial court did not err.

Finally, Dale argues that the R&R's conclusion on the issue is wrong. In support of this argument, he reiterates his vision of the facts and the law as outlined in the discrete objections above. The Court finds no merit in these arguments, so the Court finds no error in the R&R's conclusion.

## ORDER

**IT IS ORDERED** that the January 17, 2019 R&R (ECF No. 19) is **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Petitioner's objection to the R&R (ECF No. 23) is **OVERRULED**.

**IT IS FURTHER ORDERED** that the petition for habeas relief (ECF No. 1) is **DENIED**.

Judgment to follow.

**IT IS SO ORDERED.**

Date: August 4, 2020 /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge